# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MELISSA CARSON, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE HOME DEPOT, INC.,<br><br>　　　　Defendant. | Civil Action No. _____<br><br>(Removal from the State Court of Fulton County, Civil Division) |

## DEFENDANT THE HOME DEPOT, INC.'S NOTICE OF REMOVAL

Defendant The Home Depot, Inc., ("Home Depot") hereby files this Notice of Removal of this action from the State Court of Fulton County, Civil Division to the United States District Court for the Northern District of Georgia, Atlanta Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 on the basis of the following facts, which show that this case may be properly removed to this Court:[1]

---

[1] Home Depot reserves all rights to assert any and all defenses to the Complaint. Home Depot further reserves the right to amend or supplement this Notice of Removal.

## PROCEDURAL HISTORY

1. Home Depot has been sued in a civil action entitled *Carson v. The Home Depot, Inc.*, Case No. 21EV006162, in the State Court of Fulton County, Civil Division (the "State Court Action").

2. Plaintiff's Complaint (the "Complaint") was filed on October 11, 2021. Home Depot was served with notice of process on October 15, 2021. (Affidavit of Service).

3. Plaintiff Melissa Carson ("Plaintiff") alleges, on behalf of a putative nationwide class, that Home Depot sent multiple text messages to her after she requested not to receive further text messages in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, and its implementing regulation, 47 C.F.R. § 64.1200.

4. She claims that, as a result of these alleged violations, she, and "thousands" of putative class members, were harmed, allegedly by invasion of privacy, aggravation, annoyance, wasted time, and violation of the right to be free of unsolicited calls. Compl. ¶¶ 14, 19.

5. She further alleges that she and the putative class members are entitled to damages of up to $1,500 per alleged violation. Compl. ¶ 35.

6.     The Complaint also seeks a declaratory ruling that Home Depot's conduct violated the TCPA and injunctive relief requiring Home Depot "to honor opt ou[t] requests." Compl. at 11.

7.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process and pleadings on file with the State Court of Fulton County is attached hereto as **Exhibit 1**.

## VENUE AND JURISDICTION

8.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 90(a), 1391, 1441(a), and 1446(a), because the State Court of Fulton County, Civil Division, where the Complaint was filed, is a state court within the Northern District of Georgia, Atlanta Division.[2]

9.     As set forth more fully below, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

10.    All other requirements for removal have been satisfied.

---

[2] Venue was improper in the State Court Action. Under Georgia law, Home Depot is subject to venue in Cobb County, where Home Depot maintains its registered office. *See* GA. CODE ANN. § 14-2-510(b)(1). However, the State Court Action's improper venue has no effect on the present action: "[Section] 1441(a) establishes federal venue in the district where the state court action was pending, and it is immaterial that venue was improper under state law when the action was originally filed." *Hollis v. Fla. State Univ.*, 259 F.3d 1295, 1300 (11th Cir. 2001). Moreover, the State Court of Fulton County and the State Court of Cobb County are both state courts within the Northern District of Georgia, Atlanta Division.

## BASIS FOR REMOVAL

### I. REMOVAL IS PROPER BECAUSE FEDERAL QUESTION JURISDICTION EXISTS PURSUANT TO 28 U.S.C. § 1331.

11.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, because the claims arise under federal law.

12.     The Complaint asserts claims arising under the Telephone Consumer Protection Act ("TCPA"). The TCPA is a federal law that creates the right of action and provides the rules of decision for Plaintiff's claims. The United Sates Supreme Court has specifically ruled that federal courts have federal question jurisdiction over TCPA claims. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386 (2012) ("Because federal law gives rise to the [TCPA] claim for relief Mims has stated and specifies the substantive rules of decision, the Eleventh Circuit erred in dismissing Mims's case for lack of subject-matter jurisdiction."). Thus, this Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to 28 U.S.C. § 1331.

### II. ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED.

13.     The Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b). *See* 28 U.S.C. § 1446(b)(1) (establishing a deadline for removal of 30 days after service). The date of service was October 15, 2021, giving Home Depot until November 15, 2021, to file a Notice of Removal.

14. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of Georgia, Atlanta Division, written notice of such filing will be served by the undersigned on Plaintiff's Counsel of Record, and a copy of the Notice of Removal will be filed with the Clerk of the State Court of Fulton County, Civil Division.

15. By filing this Notice of Removal, Home Depot does not waive any defense that may be available to it and reserves all such defenses, including but not limited to those related to service of process and lack of personal jurisdiction.

## **CONCLUSION**

16. While Home Depot believes Plaintiff's claims fail on the merits and class certification is not appropriate in this action, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, because the claims arise under federal law.

17. For all the reasons stated, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

Wherefore, Home Depot gives notice that the matter entitled *Carson v. The Home Depot, Inc.*, pending in the State Court of Fulton County, Civil Division, is removed to the United States District Court for the Northern District of Georgia,

Atlanta Division, and requests that the Court retain jurisdiction for all further proceedings in this matter.

Respectfully submitted this 15th day of November, 2021.

/s/ S. Stewart Haskins II

S. Stewart Haskins II
Ga. Bar No. 336104
Jennifer R. Virostko
Ga. Bar No. 959286
**KING & SPALDING LLP**
1180 Peachtree St. NE
Atlanta, GA 30309
Tel:   (404) 572-4600
Fax:  (404) 572-5100
E:     shaskins@kslaw.com
       jvirostko@kslaw.com

*Attorneys for Defendant*
*The Home Depot, Inc.*

6 .

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2021, I served a copy of the foregoing to Plaintiff's counsel via email and via U.S. Mail at the following addresses:

Andrew Shamis
**SHAMIS GENTILE, P.A.**
14 NE 1st Ave
Suite 705
Miami, FL 33132
Tel.:  (305) 479-2299
E:     ashamis@shamisgentile.com

Manuel S. Hiraldo
**HIRALDO P.A.**
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, FL 33301
Tel.:  (954) 400-4713
E:     mhiraldo@hiraldolaw.com

KING & SPALDING LLP

*/s/ S. Stewart Haskins II*