# Exhibit 1

State Court of Fulton County
**E-FILED**
21EV006162
10/11/2021 4:14 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA
### Civil Division

| | |
|---|---|
| **MELISSA CARSON**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v*.<br><br>**THE HOME DEPOT, INC.**,<br><br>*Defendant*. | **CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**CASE NO:**<br><br>**JUDGE:** |

### CLASS ACTION COMPLAINT

Plaintiff Melissa Carson brings this class action against Defendant The Home Depot, Inc., and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

### NATURE OF THE ACTION

1.

This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").

2.

To market its products and services, Defendant engages in unsolicited text messaging and violates TCPA by continuing to place calls to consumers after they request to opt out of Defendant's messaging.

1

3.

Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of herself and members of the Class, and any other available legal or equitable remedies.

## PARTIES AND JURISDICTION

4.

Plaintiff is a natural person who, at all times relevant to this action, was a citizen of and domiciled in Grandbury, Texas.

5.

Defendant is, and at all times relevant hereto was, a corporation duly organized and validly existing under the laws of the State of Delaware, and maintains its headquarters and principal place of business in Atlanta, Georgia.

6.

This Court has general personal jurisdiction over Defendant as its headquarters and principal place of business are in Atlanta, Georgia.

## FACTS

7.

Defendant continues to bombard Plaintiff's cellular telephone ending in 1034 (the "1034 Number") with marketing text messages even after repeated requests by Plaintiff for the messages to stop.  The following screenshots depict the instances of Defendant ignoring Plaintiff's opt-out requests:









4



8.

At the time Plaintiff received these messages, Plaintiff was the subscriber and sole user of the 1034 Number.

9.

Plaintiff primarily uses the 1034 Number as a personal and residential phone.

10.

Defendant's text messages constitute telemarketing, advertising, or solicitations because they promote Defendant's business, goods and services.

11.

As demonstrated above, Plaintiff requested multiple times that Defendant stop contacting the 1034 Number using the "stop" key word provided in the text messages.

12.

Notwithstanding, Plaintiff continued to receive unsolicited text messages from Defendant.

13.

The failure to stop calling is indicative of Defendant's failure to implement awritten policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

14.

Defendant's unsolicited text message caused Plaintiff harm, including invasion of privacy, aggravation, annoyance, and wasted time. Further, Defendant violated Plaintiff's substantive rights under the TCPA to remain free of unsolicited calls.

## CLASS ALLEGATIONS

### PROPOSED CLASS

15.

Plaintiff brings this case as a class action pursuant to O.C.G.A. §§ 9-11-23(a) and 9-11-23(b), on behalf of himself and all others similarly situated.

16.

Plaintiff brings this case on behalf of the Class defined below:

**INTERNAL DO NOT CALL CLASS**: All persons within the United States who, within the four years prior to the filing of this Complaint, (1) Defendant, or anyone on Defendant's behalf, (2) placed a text message call, (3) for the purpose of encouraging the purchase or rental of, or investment in, Defendant's property, goods, or services, (4) to said person's telephone number, (5) after the person had requested to Defendant to not receive any more telephonic communications from Defendant by replying "stop" or any other similar request.

17.

Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

18.

Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the exact number of members in the Class but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

19.

Upon information and belief, Defendant has placed calls to telephone numbers belonging to thousands of consumers throughout the United States. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

20.

The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

21.

There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class.  Among the questions of law and fact common to the members of the Class are:

   a) Whether Defendant can meet its burden of showing that it obtained prior
      consent to make such calls;

b) Whether Defendant's conduct was knowing and willful;

c) Whether Defendant initiated telemarketing calls to telephone numbers who requested to not receive such calls;

d) Whether Defendant is liable for damages, and the amount of such damages; and

e) Whether Defendant should be enjoined from such conduct in the future.

22.

The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

23.

Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

24.

Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

25.

A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class

8

is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

26.

The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.  Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of 47 U.S.C. § 227 and 47 C.F.R. § 64.1200**
**(On Behalf of Plaintiff and the Internal Do Not Call Class)**

27.

Plaintiff re-alleges and incorporates paragraphs 1-26 as if fully set forth herein.

28.

In pertinent part, 47 C.F.R. § 64.1200(d) provides:

No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any

aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

29.

Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

30.

Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive future calls on their cellular telephone numbers from Defendant.

31.

Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' opt-out requests.

32.

Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

33.

Thus, Defendant has violated 47 C.F.R. § 64.1200(d).

34.

Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation.

35.

As a result of Defendant's knowing or willful conduct, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages per violation.

36.

Plaintiff and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to section 227(c)(5).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order declaring that Defendant's actions, as set out above, violate the TCPA;

b) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

c) An injunction mandating Defendant to honor opt our requests and maintain an internal Do Not Call list.

d) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq*., and 47 C.F.R. § 64.1200, Plaintiff seeks for himself and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

e) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq*., and 47 C.F.R. § 64.1200, Plaintiff seeks for himself and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

f) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the calls as alleged herein.

Dated: October 11, 2021

Respectfully submitted,

**By:**   */s/ Andrew Shamis*
Andrew Shamis, Esq.
Georgia Bar No. 494196
**SHAMIS GENTILE, P.A.**
14 NE 1st Ave, Ste. 705
Miami, FL 33132
ashamis@shamisgentile.com
Office: (305) 479-2299
Fax: (786) 623-0915


Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
(*pro hac vice* to be submitted)
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com
(t) 954.400.4713

State Court of Fulton County
**E-FILED**
21EV006162
10/11/2021 4:14 PM
Christopher G. Scott, Clerk
Civil Division

# General Civil and Domestic Relations Case Filing Instructions

1. Provide the class of court and county in which the case is being filed.
2. Provide the plaintiff's and defendant's names.
3. Provide the plaintiff's attorney's name and State Bar number. If you are representing yourself, provide your own name and check the self-represented box.
4. Provide the primary type of case by checking only *one* appropriate box. Cases can be either general civil or domestic relations and only *one* type of primary case within those categories. Check the case type that most accurately describes the primary case. If applicable, check one sub-type under the primary case type. If you are making more than one type of claim, check the case type that involves the largest amount of damages or the one you consider most important. See below for definitions of each case type.
5. Provide an answer to the four questions by checking the appropriate boxes and/or filling in the appropriate lines.

## Case Type Definitions

### General Civil Cases

**Automobile Tort**: Any tort case involving personal injury, property damage, or wrongful death resulting from alleged negligent operation of a motor vehicle.

**Civil Appeal**: Any case disputing the finding of a limited jurisdiction trial court, department, or administrative agency.

**Contempt/Modification/Other Post-Judgment**: Any case alleging failure to comply with a previously existing court order, seeking to change the terms of a previously existing court order, or any other post-judgment activity in a general civil case.

**Contract**: Any case involving a dispute over an agreement between two or more parties.

**Garnishment**: Any case where, after a monetary judgment, a third party who has money or other property belonging to the defendant is required to turn over such money or property to the court.

**General Tort**: Any tort case that is not defined or is not attributable to one of the other types of torts listed.

**Habeas Corpus**: Any case designed to review the legality of the detention or imprisonment of an individual, but not the question of his or her guilt or innocence.

**Injunction/Mandamus/Other Writ**: Cases involving a written court order directing a specific person to perform or refrain from performing a specific act.

**Landlord/Tenant**: Any case involving a landlord/tenant dispute if the landlord removed a tenant and his or her property from the premises or placed a lien on the tenant's property to repay a debt.

**Medical Malpractice Tort**: Any tort case that alleges misconduct or negligence by a person in the medical profession acting in a professional capacity, such as doctors, nurses, physician's assistants, dentists, etc.

**Product Liability Tort**: Any tort case that alleges an injury to a person was caused by the manufacturer or seller of an article due to a defect in, or the condition of, the article sold or an alleged breach of duty to provide suitable instructions to prevent injury.

**Real Property**: Any case involving disputes over the ownership, use, boundaries, or value of land.

**Restraining Petition**: Any petition for a restraining order that does not result from a domestic altercation or is not between parties in a domestic relationship.

**Other General Civil**: Any case that does not fit into one of the other defined case categories in which a plaintiff is requesting the enforcement or protection of a right or the redress or prevention of a wrong.

### Domestic Relations Cases

**Adoption**: Cases involving a request for the establishment of a new and permanent parent-child relationship between persons not biologically parent and child.

**Contempt**: Any case alleging failure to comply with a previously existing court order. If the contempt action deals with the non-payment of child support, medical support, or alimony, also check the corresponding sub-type box.

**Dissolution/Divorce/Separate Maintenance/Alimony**: Any case involving the dissolution of a marriage or the establishment of alimony or separate maintenance.

**Family Violence Petition**: Any case in which a protective order from a family member or domestic partner is requested.

**Modification**: Any case seeking to change the terms of a previously existing court order. If the modification deals with custody, parenting time, or visitation, also check the corresponding sub-type box.

**Paternity/Legitimation**: Cases involving establishment of the identity and/or responsibilities of the father of a minor child or a determination of biological offspring.

**Support – IV-D**: Cases filed by the Georgia Department of Human Services to request maintenance of a minor child by a person who is required under Title IV-D of the Social Security Act of 1973 (42 USC §§ 651-669b) to provide such maintenance.

**Support – Private (non-IV-D)**: Cases filed to request maintenance of a parent/guardian or a minor child by a person who is required by a law other than Title IV-D of the Social Security Act of 1973 (42 USC §§ 651-669b) to provide such maintenance.

**Other Domestic Relations**: Domestic relations cases that do not adequately fit into any of the other case types, including name changes.

**Please note:** This form is for statistical purposes only. It shall have no legal effect in a case. The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or court rules. Information on this form will not be entered into evidence.

Superior Court of Fulton County
**E-FILED**
21EV006162
10/11/2021 4:14 PM
Christopher G. Scott, Clerk
Civil Division

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☐ State Court of _____ County

| For Clerk Use Only |
|---|
| Date Filed _____   Case Number _____ |
| MM-DD-YYYY |

**Plaintiff(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** _____   **State Bar Number** _____   **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
Case Number   Case Number

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____   **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

State Court of Fulton County
**E-FILED**
21EV006162
10/11/2021 4:14 PM
Christopher G. Scott, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
### Civil Division

CIVIL ACTION FILE #: _____

_____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

_____

_____

_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [X] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [x] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _____

Address: _____

City, State, Zip Code: _____   Phone No.:_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

 Served, this _____ day of _____, 20_____.   _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
21EV006162
10/25/2021 4:51 PM
Christopher G. Scott, Clerk
Civil Division

## AFFIDAVIT OF SERVICE

State of Georgia

County of Fulton

State Court

Case Number: 21EV006162

Plaintiff:
**MELISSA CARSON**

vs.

Defendant:
**THE HOME DEPOT INC**

Received by Global Process Services Corp on the 15th day of October, 2021 at 2:14 pm to be served on **THE HOME DEPOT INC C/O CSC OF COBB COUNTY INC, REG. AGENT, 192 ANDERSON STREET SE SUITE 125, MARIETTA, GA 30060**.

I, Earl Gayle   CPS#122, being duly sworn, depose and say that on the **15th day of October, 2021** at **3:38 pm, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **SUMMONS, COMPLAINT**  to: **Anna Norris, Process Specialist C/O CSC OF COBB COUNTY INC,** as **Registered Agent** at the address of: **192 ANDERSON STREET SE SUITE 125, MARIETTA, GA 30060** on behalf of **THE HOME DEPOT INC**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 45+, Sex: F, Race/Skin Color: white, Height: 5:5, Weight: 130, Hair: blonde, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 18th day of October, 2021 by the affiant who is personally known to me.

NOTARY PUBLIC

Floretta Fitzgerald
NOTARY PUBLIC
Clayton County, GEORGIA
My Commission Expires
03/21/2024

Earl Gayle   CPS#122
Process Server

**Global Process Services Corp**
P.O Box 961556
Miami, FL 33296
(786) 287-0606

Our Job Serial Number: ESL-2021001286
Ref: GPS #21-2234

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2d

State Court of Fulton County
**E-FILED**
21EV006162
10/11/2021 4:14 PM
Christopher G. Scott, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
**Civil Division**

CIVIL ACTION FILE #: _____

_____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

_____

_____

_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [X] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [x] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _____

Address: _____

City, State, Zip Code: _____     Phone No.:_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

  Served, this _____ day of _____, 20_____.     _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**